MICHAEL ANTHONY AND CYNTHIA M. CHIPLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chiple v. Commissioner
Docket No. 37309-84.
United States Tax Court
T.C. Memo 1986-114; 1986 Tax Ct. Memo LEXIS 491; 51 T.C.M. (CCH) 671; T.C.M. (RIA) 86114; March 24, 1986. Michael A. and Cynthia M. Chiple, pro se. Steven M. Walk, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. [1] There are no genuine issues of material fact and summary judgment is appropriate. The Commissioner determined a deficiency in petitioners' Federal income taxes for the taxable year 1981 of $2,924.42. The sole issue which we must determine is whether equipment purchased and installed by petitioners qualifies for a residential energy income tax credit as geothermal *492 renewable energy source property. The facts of this case have been fully stipulated pursuant to Rule 122 and are so found. Petitioners resided in Wadsworth, Ohio at the time their petition was filed. Petitioners installed a Thermal Energy Trnasfer Corporation (TETCO) "Geothermal Ground-Water Heat Extractor" in their principal residence, in the United States, in 1981. Petitioners' equipment used as its energy source underground water which had a relatively constant year round temperature of 11.1 degrees Celsius. Petitioner reported $7,311.06 as geothermal renewable energy source costs on their joint income tax return for which they claimed an income tax credit of $2,924.42 pursuant to section 44C. [2]
*493 The sole point of controversy in this case concerns the validity of the temperature limitation of section 1.44C-2(h), Income Tax Regs. This section of respondent's regulations defines "geothermal deposit," for purposes of section 44C(c)(5)(A)(i), as a geothermal reservoir which has a temperature exceeding 50 degrees Celsius measured at the wellhead. Section 1.44C-2(h), Income Tax Regs. Petitioners contest the validity of this regulation, arguing that it is arbitrary and inconsistent with Congressional intent. This Court recently considered and upheld the validity of this regulation in Peach v. Commissioner,84 T.C. 1312 (1985), on facts indistinguishable from those of the present case. [3] We find that our holding in Peach squarely applies to this case, and on this basis we hold that petitioners' equipment fails to qualify as geothermal renewable energy source property within the meaning of section 44C(c)(5). Petitioners' claim for a residential energy income tax credit based on their purchase and installation of the TETCO "Geothermal Ground-Water Heat Extractor" was thus properly disallowed by respondent. [4]
*494 Petitioners claim in the alternative that their equipment qualifies as a "Geosolar System, employing solar pond collection system." The stipulation of facts, however, declares that petitioners' equipment uses underground water as its energy source. Section 1.44C-2(f), Income Tax Regs., defining solar energy property, specifically excludes heated underground water from the scope of its definition. On this basis we hold that petitioners' equipment does not qualify as solar energy property within the meaning of section 44C(c)(5). To reflect the foregoing, Decision will be enetered for the respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue. Section 44C provided: SEC. 44C. RESIDENTIAL ENERGY CREDIT. (a) General Rule.--In the case of an individual, there shall be allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to the sum of-- (1) the qualified energy conservation expenditures, plus (2) the qualified renewable energy source expenditures. (b) Qualified Expenditures.--For purposes of subsection (a)-- * * * (2) Renewable Energy Source.--In the case of any dwelling unit, the qualified renewable energy source expenditures are 40 percent of so much of the renewable energy source expenditures made by the taxpayer during the taxable year with respect to such unit as does not exceed $10,000.* * * (c) Definitions and Special Rules.--For purposes of this section--* * * (5) Renewable Energy Source Property.--The term "renewable energy source property" means property-- (A) which, when installed in connection with a dwelling, transmits or uses-- (i) solar energy, energy derived from the geothermal deposits (as defined in section 613(e)(3)), or any other form of renewable energy which the Secretary specifies by regulations, for the purpose of heating or cooling such dwelling or providing hot water or electricity for use within such dwelling, or (ii) wind energy for nonbusiness residential purposes, (B) the original use of which begins with the taxpayer, (C) which can reasonably be expected to remain in operation for at least 5 years, and (D) which meets the performance and quality standards (if any) which-- (i) have been prescribed by the Secretary by regulations, and (ii) are in effect at the time of the acquisition of the property. (6) Regulations.-- (A) Criteria; Certification Procedures.-- The Secretary shall be regulations-- (i) establish the criteria which are to be used in (I) prescribing performance and quality standards under paragraphs (3), (4), and (5), or (II) specifying any item under paragraph (4)(A)(viii) or any form of renewable energy source property. * * *↩
3. See also Reddy v. Commissioner,T.C. Memo. 1984-395↩, affd. by Court Order No. 85-1074 (4th Cir. August 29, 1985).
4. See also Bayless v. Commissioner,T.C. Memo. 1986-113↩.